FILED

2008 Apr-25  AM 08:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL MILLER,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **UNITED COLLECTION** | ) | |
| **BUREAU, INC.,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

## COMPLAINT

This is an action brought by the Plaintiff, Michael Miller, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

1.  The Plaintiff, Michael Miller, is a resident and citizen of the state of Alabama, Jefferson County, and is over the age of twenty-one (21) years.

2.  The Defendant, United Collection Bureau, Inc. (hereinafter "UCB") is a

corporation registered to do business in Alabama with the Alabama Secretary of State. The Defendant was, in all respects and at all times relevant herein, doing business in the State of Alabama and in this District. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

3.   Beginning in October 2007, Defendant arranged for the preparation and transmittal of letters to Plaintiff demanding payment of a debt allegedly due "Citibank."

4.   These letters were received by Plaintiff at his residence in Birmingham, Alabama.

5.   The alleged and disputed debt of Plaintiff claimed in these letters was incurred for personal, family, or household services, and was a "debt" as defined by the FDCPA at 15 U.S.C. §1692a(5).

6.   In the course of attempting to collect the alleged debt, in March, 2008, an agent or employee of UCB who identified herself as "Tina Gibson" from "United Collection Bureau's Legal Office" contacted Mrs. Helen Bailey.  Helen Bailey is the mother of Plaintiff's ex-wife.

7.   In the course of "Tina Gibson's" communication with Helen Bailey, "Tina Gibson" stated that a lawsuit had been filed against Michael Miller regarding a debt he alleged owed and requested that Helen Bailey get a message to the Plaintiff to contact UCB immediately.

8.   To date, no lawsuit has been filed against Michael Miller regarding this alleged debt.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

9.   The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

10.    The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

11.    The Defendant used false representations and/or deceptive means to attempt to collect a debt or obtain information concerning the Plaintiff in violation of §1692e(2), §1692e(3) and §1692e(10).

12.    The Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

13.    The Defendant violated §1692b by communicating with a third party for purposes other than acquiring location information.

14.    The Defendant communicated with person other than the Plaintiff, without the prior consent of the Plaintiff of the permission of the Court, and for purposes other than effectuating a judgment, in violation of §1692c(b).

15.    The Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt in violation of §1692d.

16.    The Defendant violated §1692e(2)(A)(5) and §1692e(2)(A)(10) by misrepresenting the imminence of legal action by Defendant.

17.    As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer actual damages for worry, anxiety, nervousness, and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

18.    The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

19.    The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

20.   The Defendant knew or should have known that said conduct was improper.

21.   The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

22.   The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

23.   As a result of the Defendant's negligence, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

24.   The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

25.   The Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

26.   The Defendant knew or should have known that the said conduct was improper and illegal.

27.   The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

28.   The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

29.   As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## INVASION OF THE RIGHT OF PRIVACY

30.   The Plaintiff adopts the averments and allegations of all the above

paragraphs hereinbefore as if fully set forth herein.

31.   The Defendant undertook and/or directed communications to the home of the Plaintiff's ex-wife's mother constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying the debt.

32.   Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of UCB.

33.   Said communications constitute the wrongful intrusion into his solitude and seclusion.

34.   As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer worry, humiliation, anxiety, nervousness, and mental anguish.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendant as follows:

A.   Declaratory judgment that the Defendant's conduct violated the FDCPA;

B.   Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§1692k);

C.   Actual damages for the Defendant's violations of the FDCPA;

D.   Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§1692k;

E.   Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages, and,

F.   Such other and further relief that this Court deems necessary, just and

proper.

Whitney Seals, Esq.
Attorney for Plaintiff

Michael Lindsey, Esq.
Attorney for Plaintiff

**OF COUNSEL:**
Pate & Cochrun, L.L.P.
P.O. Box 10448
Birmingham, AL 35202-0448
(205) 323-3900
(205) 323-3906 (facsimile)

Weaver Tidmore, L.L.C.
300 Cahaba Park Circle, Ste. 200
Birmingham, AL 35242
(205) 980-6065
(205) 980-6165 (facsimile)

**PLAINTIFF REQUESTS THAT DEFENDANT BE SERVED A COPY OF THIS COMPLAINT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

United Collection Bureau, Inc.
C/O The Corporation Company, Inc.
2000 Interstate Park Drive, Ste. 204
Montgomery, AL 36109